
## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

CHRISTOPHER JAKE L.G. CASTRO,

_____

EDWIN QUICHOCHO CLAROS II,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CM1002-13

DECISION AND ORDER

Defendant's Motion for Civil Compromise

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 31, 2014 on Defendant Christopher Jake L.G. Castro's and Defendant Edwin Quichocho Claros II's Motion for Civil Compromise. Defendant Castro was represented by Assistant Public Defender William B. Jones. Defendant Claros was represented by Alternate Public Defender Ana Maria C. Gayle. The People of Guam ("the People") were represented by Assistant Attorney General Rogelio G. Batarao, Jr. The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by the parties, the Court hereby issues this Decision and Order **GRANTING** Defendants' motion.

## BACKGROUND

Defendants are charged with Disorderly Conduct (As a Misdemeanor). It is alleged that on or about November 27, 2013, police responded to a disturbance call in Dededo. Both Defendants admitted to being involved in a physical altercation. Moreover, "[a] witness heard both Defendants arguing and observed the end of the scuffle occurring outside the residence,

**ORIGINAL**

but was unable to see who started the fight." *Magistrate's Complaint* at Declaration (Nov. 29, 2013). "Both Defendants suffered some injury." *Id.*

Defendants were arraigned on December 11, 2013. Defendants pled not guilty and each waived their right to a speedy trial. On January 3, 2014, Defendant Claros filed a Declaration with the Court acknowledging that he received satisfaction for the injury relative to the case at bar. As a result, Defendant Castro filed the instant motion for civil compromise. Defendant Claros filed a motion of joinder on March 19, 2014. The People filed their opposition on February 21, 2014 and March 25, 2014.

On March 31, 2014, the Court heard the matter and took it under advisement.

## DISCUSSION

Guam's Criminal Procedure Code provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90 (2005).

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which

there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, Defendants are charged with Disorderly Conduct (as a Misdemeanor) pursuant to 9 GCA §§ 61.15(a)(1)(2) and (c). A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior; or (2) makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present. The Court finds that there is a civil remedy available under Guam law. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into

consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, there was allegation of physical injury to the Victims, however, it was represented to the Court that no costs was incurred as a result since neither opted medical treatment. Accordingly, the Court is satisfied with the Declarations submitted by the Victims/Co-Defendants and finds that the private settlement fully vindicates any injury to each other.

Lastly, in regards to whether the victims' settlement agreement was made voluntarily, this Court recognizes that the Victims submitted a Declaration. The Declarations states that the victims understand they have a remedy through civil action. The Court is not in a position to second guess the Declarations, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the Victims have voluntarily made their Declaration.

The Court finds that Defendants motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the victims/co-Defendants was not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the victims have submitted a declaration under penalty of perjury that they have received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. Therefore, the Court **GRANTS** Defendants' motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendants Castro's and Claros' Motion for Civil Compromise. The case is hereby dismissed.

    **SO ORDERED** this __7__ day of APRIL, 2014.


HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG/MPD/PD

Date: APR 7 2014 Time: 2:25 PM

Deputy Clerk, Superior Court of Guam